### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NORA MCCUIN, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-06-0020-HE |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

### **ORDER**

Plaintiff Nora McCuin instituted this action seeking judicial review of the defendant Commissioner's final decision denying her application for disability insurance benefits. Consistent with 28 U.S.C. § 636(b)(1)(B) and (C), the case was referred to Magistrate Judge Valerie K. Couch, who has recommended that the Commissioner's decision be affirmed.

The plaintiff filed an application for benefits on January 17, 2002, which was denied initially and on reconsideration. She requested a hearing before an Administrative Law Judge ("ALJ"), who determined, after a hearing at which the plaintiff appeared and was represented by counsel, that she was not disabled because she had continued to engage in substantial gainful activity since the alleged onset of disability. He made the alternative finding that, while the plaintiff had severe impairments, she retained the residual functional capacity to perform her past relevant work as a tire inspector. The Appeals Council denied the plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.

The magistrate judge found that the ALJ's decision at step one of the sequential evaluation process, that the plaintiff had continued to engage in substantial gainful activity since the alleged onset date of her disability, was supported by substantial evidence. She also concluded that the plaintiff waived any challenge to that determination as she did not contest the ALJ"s step one finding in her brief.[1] She did not, the magistrate judge noted, dispute the accuracy of her earnings statements or the statement of a physician pertaining to the hours she was working.

The plaintiff objects to the Report and Recommendation, asserting that she submitted evidence that she had not worked for a period in excess of twelve months between December 2002, and 2004.[2] The court concurs with the magistrate judge that the plaintiff did not bear her burden of showing that she was unable to engage in substantial gainful activity for twelve consecutive months during that period. Although there was conflicting evidence in the record regarding the plaintiff's work history, as the magistrate judge found, the ALJ's step one decision is supported by substantial evidence.[3]

Having reviewed the record and given the plaintiff's objections de novo review, and being in agreement with Magistrate Judge Couch's analysis, the court adopts her Report and

---

[1]*Because of this conclusion, the magistrate judge found it unnecessary to consider the ALJ's alternative decision that the plaintiff could perform her past relevant work.*

[2]*The plaintiff makes additional arguments, pertaining to the ALJ's findings at subsequent steps in the evaluation process, which the court has not addressed because of the ALJ's step one determination.*

[3]*The court also agrees with the magistrate judge that the ALJ did not fail to fully develop the record.*

Recommendation. The Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED**.

Dated this 4th day of January, 2007.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE